1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   DELECIA ANN HOLT,                    ) 1:12-cv—01720-SKO-HC
                                         )
10              Petitioner,              ) ORDER TRANSFERRING CASE TO THE
                                         ) UNITED STATES DISTRICT COURT FOR
11                                       ) THE CENTRAL DISTRICT OF
        v.                               ) CALIFORNIA (DOC. 1)
12                                       )
    PEOPLE OF THE STATE OF               )
13  CALIFORNIA,                          )
                                         )
14              Respondent.              )
                                         )
15  _____     )

16
17      Petitioner is a state prisoner proceeding pro se and in
18  forma pauperis with a petition for writ of habeas corpus pursuant
19  to 28 U.S.C. § 2254.  The matter has been referred to the
20  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local
21  Rules 302 through 304.  Pending before the Court is the petition,
22  which was filed on October 5, 2012, in the United States Court of
23  Appeals for the Ninth Circuit, and transferred to this Court by
24  order dated October 18, 2012.
25      In the petition, Petitioner alleges that she is serving a
26  sentence of six years and eight months imposed in the Superior
27  Court of the State of California, County of Orange, upon a
28  violation of probation that had been previously granted in Orange

1

County Superior Court case number 08CF2906.  (Pet., doc. 1, 2, 15-17.)  Petitioner complains of the ineffective assistance of counsel and trial court error occurring in the probation revocation proceedings.  Documents appended to the petition form submitted by Petitioner show that the probation revocation proceedings occurred in the Orange County Superior Court.  (Id. at 18-20, 23-25.)

Title 28 U.S.C. § 2241(d) provides as follows which respect to venue, jurisdiction, and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410

1   U.S. 484, 495 (1973).

2        Title 28 U.S.C. § 1406(a) provides that a district court of

3   a district in which is filed a case laying venue in the wrong

4   division or district shall dismiss, or if it be in the interest

5   of justice, transfer such case to any district or division in

6   which it could have been brought.

7        In view of the nature of the claims set forth in the

8   petition, it is concluded that it is in the interest of justice

9   to transfer the petition to the district of conviction and of

10  revocation of probation.

11       Accordingly, it is ORDERED that the petition be transferred

12  to the United States District Court for the Central District of

13  California.

14

15  IT IS SO ORDERED.

16  **Dated:    October 25, 2012           /s/ Sheila K. Oberto          **

17                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28